UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

Dawnell Riggs-Richey,

    Plaintiff,

V.     Civil Action No._____

Gilardi & Co. LLC,     Writ of Mandamus

    Defendant.

05 - 10337 MLW

Refered to MJ JL Alexander

COMES NOW, Dawnell Riggs-Richey, Plaintiff, pursuant to Title 28 1361 and 28 1651, and hereby moves the honorable court for the issuance of a writ of mandamus to compel the defendant to release to plaintiff the following documents:

1. A copy of the Check that was mailed to my ex-husband, Kevin Richey.

2. A copy of the dispute letter that Kevin Richey sent to the claims administrator.

3. The date the check was sent to Kevin Richey

### FACTUAL BACKGROUND

The plaintiff filed for divorce from Kevin Richey and thereafter, plaintiff was notified of the class action suit against Fairbanks Capital Corp., entitled Alanna L. Curry, et al., individually and on behalf of others similarly situated, v. Fairbanks Capital Corp., Plaintiff filed timely claims as instructed by the class attorney's and / or the court.

A letter was received by the plaintiff dated October 5th 2004, attached as exhibit A, The letter indicates that Kevin Richey received a settlement check and had also disputed the amount of said settlement.

Shortly thereafter, Plaintiff requested, pursuant to Title 5 552a, more commonly known as the Freedom of Information Act, Specific documents from the defendant, the letter dated October 10th 2004 and is incorporated into the current motion as exhibit B.

The plaintiff called the numbers provided on documents concerning the class action suit settlement and was refused any information concerning the requested documents plaintiff had sought. Around the beginning of December 2004 the plaintiff received a phone call from a gentleman who left a message for plaintiff to call them, at which time they would provide the plaintiff any information plaintiff sought, however, when plaintiff contacted the gentleman he advised plaintiff that they could not release any information plaintiff sought without a court order. Plaintiff seeks these documents for her current divorce proceeding.

### RELIEF

WHEREBY, plaintiff moves this honorable court for the issuance of a writ of mandamus compelling the defendant to release to plaintiff the documents plaintiff has requested and any other relief the court deems just and proper.

Dated this 3 day of Feb, ~~2004~~ 2005

Respectfully submitted,

_____

Dawnell Riggs-Richey (plaintiff pro-se)

9122 Valencia Street

Spring Valley, Ca 91977

(619) 463-8340

Fax (619) 303-0675

2

**USA v. Fairbanks Capital Corp.**
Alanna L. Curry, et al. v. Fairbanks Capital Corp.
Claims Administration Center, c/o Gilardi & Co. LLC
P.O. Box 808054, Petaluma CA 94975-8054

October 5, 2004

FTC-FBK- 16549291
KEVIN RICHEY
9122 VALENCIA ST
SPRING VALLEY, CA 91977

Re: FTC v. Fairbanks Claim # 16549291

Dear KEVIN RICHEY:

We are writing to confirm that the amount you received in redress from the Fairbanks settlement is correct.

We'd also like you to know that we received your dispute about the amount of fees recorded on your claim form. We worked with Fairbanks to verify the amount of fees that you were charged before we distributed any redress. The amount of late fees and certain other default-related fees on your claim form was correct, according to Fairbanks' records and the definition of fees that we used. The definition of fees that we used included late fees and default related fees, such as fees for property inspections, broker's price opinions, demand letters, interest on advances, foreclosure costs, and attorneys' fees.

Please remember that not all fees that may have appeared on your monthly statements were considered default-related charges that were eligible for partial refunds under the settlement. For example, fees for force-placed insurance, and fees imposed by your prior servicer, were not eligible for refunds under this part of the settlement.

Sincerely,

Claims Administration Center

<u>USA v.FAIRBANKS CAPITAL CORP.</u>

Alanna L. Curry, et al. v. Fairbanks Capital Corp.

Claims Administration Center, c/o Gilardi & Co. LLC

P.O. Box 808054, Petaluma CA 94975-8054

October 10, 2004

In Re: Kevin and Dawnell Richey; Claim # 16549291

Dear Sirs and/or Madams:

I have been wondering if we were a part of the claims and intended on writing you to find out what, if anything, we would be receiving. Yesterday I received a letter addressed to Kevin from your offices, dated October 5, 2004, wherein you indicate that Kevin was given a settlement check, additionally, your letter to Kevin implies that he had disputed the amount your office refunded him.
As you know, Kevin and I are going through a divorce and are currently seperated and he no longer lives at 9122 Valencia Street and you do have his new address as you have sent mail to him at his new address.
I am writing to you to get information as follows:

1. When did you mail Kevin the settlement check?

2. What was the amount of the settlement he received?

3. Was it written out to Kevin or was it written to Kevin and Dawnell Richey?

4. Can I get a copy of the check that you mailed to him and a copy of his dispute letter?

Thank You for your time and consideration in this matter,

Sincerely,

_____
Dawnell Riggs Richey