```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

DAWNELL RIGGS-RICHEY,           )
                                )
         Plaintiff,             )
                                )    C.A. No. 05-10337-MLW
         v.                     )
                                )
GILARDI & CO. LLC,              )
                                )
         Defendant.             )
```

MEMORANDUM AND ORDER

WOLF, District Judge

For the reasons stated below, the Court (1) grants the plaintiff's application to proceed without prepayment of the filing fee; and (2) dismisses this action without prejudice.

BACKGROUND

On February 8, 2005, plaintiff Dawnell Riggs-Richey filed with the Court a petition for a writ of mandamus as well as an application to proceed without prepayment of the $250.00 fee assessed for commencing a civil action. The plaintiff asks that the Court issue a writ of mandamus requiring Gilardi & Co. LLC ("Gilardi"), a company that distributes class action lawsuit settlement funds, to provide Riggs-Richey with certain information concerning a payment Gilardi made to Riggs-Richey's former husband. Riggs-Richey states that she needs this information for her current divorce proceedings, and that Gilardi informed her that it will not respond to her request without a court order. Riggs-Richey resides in Spring Valley, California; Gilardi is a California limited liability company with its principal place of business in Lakespur, California.[1]

---

[1] Riggs-Richey has not made any explicit representation concerning the citizenship of Gilardi. Her pleading includes a copy of a letter from a Gilardi claims center in Petaluma,

DISCUSSION

I.  The Application to Proceed In Forma Pauperis

In her application to proceed in forma pauperis, Riggs-Richey represents that her income consists of a bi-weekly salary of $600.00 and weekly child support payments of $108.00. She reports extremely limited assets and states that she is responsible for eighty percent of the support of her two daughters. Based on this information, I grant the plaintiff's application to proceed in forma pauperis.

II. Lack of Subject Matter Jurisdiction

This action must be dismissed because the Court lacks subject matter jurisdiction to entertain the plaintiff's petition. Federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United states." 28 U.S.C. § 1331. They also have jurisdiction over all civil actions where the matter in controversy is greater than $75,000 and the action is between parties of diverse citizenship. 28 U.S.C. § 1332(a). In any lawsuit, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCullock v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Moreover, "parties cannot confer subject matter jurisdiction on a federal court by waiver or consent." Quinn v. City of Boston, 325 F.3d 18, 26 (1st Cir. 2003). Thus, if a district court discovers that it lacks subject matter

---

California, to Kevin Richey. The Court verified with online records of the California Secretary of State that California is the state of origin and principal place of business of Gilardi.

jurisdiction over a pending action, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Riggs-Richey's petition does not fit into either category of cases district courts are authorized to hear.  Although Riggs-Richey purports to bring this action under 5 U.S.C. § 552a, part of the Freedom of Information Act ("FOIA"), this statute and other provisions of FOIA set forth the circumstances under which <u>government agencies</u> must provide information to the public. Here, Riggs-Richey seeks a document from a private party; FOIA is thus inapplicable.  Because Riggs-Richey has not identified any relevant federal law, this action does not "aris[e] under the Constitution, laws, or treaties of the United states."  28 U.S.C. § 1331.  Similarly, the action does not meet the requirements of 28 U.S.C. § 1332 because the parties are not of diverse citizenship nor is there a stated or imaginable amount in controversy that exceeds $75,000.[2]

<u>CONCLUSION</u>

ACCORDINGLY, the Court dismisses this action without prejudice.

SO ORDERED.

<u>June 30, 2005</u>                         <u>/s/ Mark L. Wolf          </u>
Date                                 United States District Judge

---

[2]Furthermore, even the Court had subject matter jurisdiction in this case, it appears that venue would not be proper in the district of Massachusetts.  <u>See</u> 28 U.S.C. § 1391(a)(b).

Without knowing the details of the plaintiff's situation, the Court suggests that the court adjudicating the plaintiff's divorce may be a more appropriate forum for this matter.